J-A23024-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| PAMELA PALMITER | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| COMMONWEALTH HEALTH SYSTEMS, | : | No. 1492 MDA 2020 |
| INC. D/B/A COMMONWEALTH | : | |
| HEALTH PHYSICIANS ALLIANCE | : | |
| D/B/A COMMONWEALTH HEALTH | : | |
| AND  MOSES TAYLOR HOSPITAL | : | |
| D/B/A COMMONWEALTH HEALTH | : | |

Appeal from the Order Entered November 12, 2020
In the Court of Common Pleas of Lackawanna County
Civil Division at No(s):  2020-02544

BEFORE:   PANELLA, P.J., MURRAY, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY PANELLA, P.J.:                    **FILED:  MARCH 8, 2022**

Pamela Palmiter appeals from the Lackawanna County Court of Common Pleas' order sustaining the preliminary objections filed by Commonwealth Health Systems, Inc. d/b/a Commonwealth Health,  Physicians Health Alliance d/b/a Commonwealth Health and Moses Taylor Hospital d/b/a Commonwealth Health (collectively, "Employers") and dismissing Palmiter's complaint filed against Employers. In her complaint, Palmiter alleged Employers violated the Pennsylvania Human Relations Act ("PHRA"), 43 P.S. §§ 951-963, by denying her employment after she tested positive for the medical marijuana she had

_____

[*] Former Justice specially assigned to the Superior Court.

been prescribed under the Medical Marijuana Act ("MMA"), 35 P.S. §§ 10231.101-10231.2110, for her chronic pain, migraines and fatigue. She alleged in a single count that this constituted disability discrimination, failure to provide reasonable accommodation and employment retaliation in contravention of the PHRA.[1]

The trial court found Palmiter failed to make out any of these claims on the basis of its determination that the use of medical marijuana is not a disability as defined by the PHRA. Importantly, Palmiter does not challenge that determination in her appellate brief. Instead, Palmiter claims for the first time on appeal that she alleged in her complaint that her disability was her underlying medical conditions and not, as the trial court found, the prescribed use of medical marijuana for those conditions. Because there are no issues which have been properly preserved for our review, we affirm the trial court's order sustaining Employers' preliminary objections.

---

[1] Palmiter filed a separate action against Employers asserting claims for, *inter alia*, wrongful discharge and violation of the MMA, which provides that an employer may not discharge, or discriminate or retaliate against, an employee on the basis of her status as a certified medical marijuana user. **See** 35 P.S. § 10231.2103(b)(1). Employers also filed preliminary objections in that matter, and the trial court overruled Employers' preliminary objections as to the violation of the MMA claim and the wrongful discharge claim. Employers appealed, and this Court affirmed the trial court's order overruling those preliminary objections. **See Palmiter v. Commonwealth Health Systems, Inc.**, 260 A.3d 967 (Pa. Super. 2021). In doing so, we held that Palmiter could bring a claim under the MMA alleging Employers discriminated against her by terminating her solely for her medical marijuana use, as the MMA contains an implied right to bring such a private cause of action. **See id.** at 976.

"This Court will reverse the trial court's decision regarding preliminary objections only where there has been an error of law or abuse of discretion." **Weiley v. Albert Einstein Medical Center,** 51 A.3d 202, 208 (Pa. Super. 2012) (citation omitted). When faced with preliminary objections in the nature of a demurrer, a trial court may only sustain such preliminary objections in cases where it is clear and free from doubt that dismissal is appropriate. **See Burgoyne v. Pinecrest Community Association**, 924 A.2d 675, 679 (Pa. Super. 2007). "To be clear and free from doubt that dismissal is appropriate, it must appear with certainty that the law would not permit recovery by the plaintiff upon the facts averred." **Id**. (citation omitted). As such, the only facts at issue when ruling on preliminary objections are those averred in the complaint, which must be accepted as true. **See Weiley,** 51 A.3d at 208.

Given this standard governing preliminary objections which requires courts to look to the facts averred in the complaint, coupled with the fact that there is a dispute as to what Palmiter actually averred in her complaint, it is especially important to scrutinize the allegations set forth in Palmiter's complaint against Employers. Before recounting those allegations, we note at the outset that there is no dispute that Palmiter was legally prescribed medical marijuana pursuant to the MMA. Nor is there any dispute that the PHRA makes it an unlawful discriminatory practice for an employer to refuse to hire or employ a person on the basis of a non-job-related "handicap or disability." **See** 43 P.S. § 955(a). Under the PHRA, a "handicap or disability" is defined

as: (1) a physical or mental impairment which substantially limits one or more of a person's major life activities; (2) a record of having such an impairment; or (3) being regarded as having such an impairment, but such term does not include current, illegal use of or addiction to a controlled substance, as defined by the Controlled Substance Act ("CSA"), 21 U.S.C. § 802. **See** 43 P.S. § 954(p.1).

The sole count in Palmiter's complaint against Employers alleged Employers violated the PHRA because of "disability discrimination/failure to provide a reasonable accommodation/retaliation." Complaint, 6/30/20, 3.[2] In support of her claim, Palmiter stated she started to work for Medical Associates of NEPA as a medical assistant in January 2017. **See id.** at ¶ 1. She asserted she "has the medical conditions of chronic pain, chronic migraines and persistent fatigue." **Id.** at ¶ 12. She further averred these "medical conditions affect her ability to work and sleep," **id.** at ¶ 13, and that she was prescribed medical marijuana for those medical conditions in December 2018, **see id.** at ¶ 16. According to Palmiter, "the use of medical marijuana off the job assists

---

[2] The trial court dissected this single claim into three distinct claims, even though Palmiter did not. We note that to establish a *prima facie* claim for either a discrimination claim or a failure to accommodate claim under the PHRA, Palmiter must initially show that she had a disability within the meaning of the PHRA. **See Stultz v. Reese Brothers,** 835 A.2d 754, 759-760 (Pa. Super. 2003); **Buskirk v. Apollo Metals**, 307 F.3d 160, 166 (3d Cir. 2002). To establish a retaliation claim, Palmiter must initially show she was engaged in activity protected by the PHRA. **See Renna v. PPL Electric Utilities, Inc.** 207 A.3d 355, 371 (Pa. Super. 2019).

her in her ability to function normally." *Id.* at ¶ 13. Palmiter further averred she had informed Medical Associates of NEPA that her doctor had authorized her to use medical marijuana to treat her medical conditions. *See id.* at ¶ 17.

Palmiter stated Employers took over Medical Associates of NEPA on February 1, 2019. *See id.* at ¶ 20. She maintained that either in November or December 2018, certain doctors [identified by name but not by affiliation] told her "everything would be fine related to [her] approval for medical marijuana and her continuing to work for [Employers]." *Id.* at ¶ 14. She further maintained she applied for a position as a medical assistant with Employers on or around January 11, 2019. *See id.* at ¶ 21. She averred she was scheduled to undergo a drug test for her employment with Employers on January 22, 2019, *see id.* at ¶ 23, and "at that time" she reported to the drug-testing lab that she was on prescribed medical marijuana, *id.* at ¶ 24. She further asserted "[o]n or about January 25, 2019, [she] faxed a copy of her certification that [the doctor] approved her for medical marijuana to treat her medical conditions." *Id.* at ¶ 25. She alleged she received a call from Employers on or around January 29, 2019, advising her she would not be allowed to work for Employers. *See id.* at ¶ 27.

Palmiter's final paragraphs of the complaint allege that "[b]y informing [Employers] of her medical conditions that a physician prescribed medical marijuana to use to treat her illnesses off the job, [she] requested a reasonable accommodation," *id.* at ¶ 28, that Employers failed to provide that

reasonable accommodation, *see id.* at ¶ 29, and that by requesting a reasonable accommodation of the use of medical marijuana off the job site, Employers retaliated against her by firing her, *see id*. at ¶ 30.

Employers filed preliminary objections in the nature of a demurrer to Palmiter's claims that they discriminated against her and denied her employment based on her disability in violation of the PHRA. Specifically, Employers argued Palmiter's use of medical marijuana was not a disability as that term is defined under the PHRA.

To that end, Employers pointed out that the PHRA's definition of "handicap or disability" specifically excludes the current, illegal use of a controlled substance as defined in the CSA. *See* Defendants' Preliminary Objections to Plaintiff's Complaint, 7/30/20, at ¶ 19. Employers then observed that the CSA, in turn, specifically lists marijuana as an illegal controlled substance. *See id.*[3] Employers argued Palmiter's admitted use of marijuana therefore excluded her from the PHRA's definition of an individual with a "handicap or disability." *See id.* at ¶ 23. Accordingly, Employers contended the PHRA did not cover Palmiter's medical marijuana use and she had no "possible claim for disability discrimination … based on her illegal drug use" under the CSA. *Id.*

---

[3] To further explain, the CSA defines a "controlled substance" as a "drug or other substance … included in schedule I, II, III, V. or V or part B" of the CSA. 21 U.S.C. § 802(6). The CSA then specifically lists marijuana as a schedule I controlled substance. *See* 21 U.S.C. § 812 (Schedule I)(c)(10).

Employers further maintained that use of a controlled substance, which is classified as illegal under the CSA, is not a reasonable accommodation under the PHRA. *See id.* at ¶¶ 24-25. They also demurred to Palmiter's retaliation claim on the basis that her "report of her medical marijuana usage is not PHRA-protected activity, since her usage falls outside the PHRA's definition of 'handicap or disability.'" *Id.* at ¶ 35.

Palmiter filed a brief in opposition to the Employers' preliminary objections. In that response, Palmiter claimed Employers mistakenly relied on the CSA, or any federal law for that matter, to support their argument that medical marijuana use is illegal and not a disability under the PHRA. *See* Plaintiff's Brief in Opposition to Defendants' Preliminary Objections, 8/3/20, at 6. Instead, Palmiter observed the MMA makes the prescribed use of medical marijuana "perfectly legal in Pennsylvania." *Id.* According to Palmiter, the "CSA does not apply to this case since [she] has an actual disability and can legally use medical marijuana" in Pennsylvania. *Id.* at 7. She maintained legally-prescribed marijuana use off the work site is a valid form of reasonable accommodation under the PHRA. *See id.* at 8.

Employers were granted leave to file a reply brief to Palmiter's opposition brief. In that reply brief, Employers argued "to the extent that [Palmiter] argues that the [MMA] 'legalizes' the use of marijuana such that her use of marijuana constitutes a disability under the PHRA, such an argument ignores that the PHRA specifically" applies the CSA's - and not state

law's - definition of "illegal use … of a controlled substance," which includes marijuana. Defendants' Brief in Reply to Plaintiff's Opposition to Defendants' Preliminary Objections to Plaintiff's Complaint, 10/26/20, at 2 (unpaginated). Employers asserted the Pennsylvania Legislature could have excluded medical marijuana use from the PHRA's definition of "illegal drug use" in the MMA if that had been its intent, but it had not done so. **See id.** at 6 (unpaginated). In fact, the MMA makes no mention of the PHRA at all.

The court heard oral argument on the preliminary objections on October 30, 2020, in which the parties basically underscored the positions they had taken in their briefs on the preliminary objections. The focus of Employers' argument remained on their contention that the use of medical marijuana was not a disability under the PHRA because the statute's definition of disability excludes the illegal use of a controlled substance, as that term is defined by the CSA. **See** N.T. Transcript of Proceedings Via Telephonically, 10/30/20, at 4-6, 8. In contrast, Palmiter continued to argue, in essence, that because medical marijuana can legally be prescribed under the MMA, the use of medical marijuana in Pennsylvania is not the illegal use of a controlled substance and therefore not excluded from the PHRA's definition of disability. **See** N.T., 10/30/20, at 21-22, 24; **see also id.** at 26 (arguing "even if [the court] would find that [Palmiter] wasn't disabled under the statute … even if [the court] rule[s] that medical marijuana cannot be, [that Palmiter does not

meet] the definition of disability under the PHRA," a retaliation claim could still go forward).

Following argument, the court issued an order on November 10, 2021, sustaining Employers' preliminary objections and dismissing Palmiter's complaint due to legal insufficiency. In an accompanying and very well-reasoned memorandum, the trial court explained its decision. The court first examined the allegations presented by Palmiter in her complaint, and the arguments made by Employers in their preliminary objections, in detail. It then stated:

> The viability of Palmiter's claims for disability discrimination, failure to provide a reasonable accommodation, and retaliation is contingent upon her ability to demonstrate a 'disability' under the PHRA. Palmiter does not contend that her 'medical conditions of chronic pain, chronic migraines and persistent fatigue' constitute disabilities. Instead, she asserts that her prescribed use of medical marijuana qualifies as a protected 'disability' under the PHRA.

Trial Court Memorandum and Order, 11/10/20, at 8-9.

In determining whether the use of medical marijuana was in fact a disability under the PHRA, the trial court looked to the PHRA's definition of a "handicap or disability," which, as noted above, explicitly excludes the current, illegal use of a controlled substance, as defined by the CSA. *See* 43 P.S. § 954(p.1). The court then went on to examine the CSA's definition of a controlled substance, which includes marijuana, and the relevant provisions of the MMA, and how they informed the decision of whether medical marijuana

use was a disability within the meaning of the PHRA. The court condensed its in-depth analysis into the following summary:

> In defining a 'disability' for purposes of employment protection, the PHRA specifically excludes illegal use of a controlled substance and has long applied the federal [CSA]'s definition of marijuana as an illegal, Schedule I controlled substance. Although the MMA makes prescribed medical marijuana use lawful within the Commonwealth, and in the process expressly amends several statutes, including the Pennsylvania Controlled Substance, Drug, Device and Cosmetic Act, [the MMA] does not reference, let alone alter, the PHRA or its definition of 'disability' based upon federal law. As presently worded, the PHRA excludes any use of marijuana from its definition of a 'disability,' and absent legislative revision of that statutory definition, courts are obligated to apply the PHRA's exclusion of marijuana use as a protected 'disability.'

Trial Court Memorandum and Order, 11/10/20, at 2.

The trial court then went on to note that just one day before it held the hearing on Employers' preliminary objections, the Commonwealth Court filed an opinion in ***Harrisburg Area Community College v. Pennsylvania Human Relations Committee***, 245 A.3d 283 (Pa. Cmwlth. Ct. October 29, 2020), which addressed the issue of whether the anti-discrimination provisions of the PHRA required Harrisburg Area Community college ("HACC") to accommodate a nursing student's ("Student") lawful use of medical marijuana under the MMA for her post-traumatic stress disorder and irritable bowel syndrome. The trial court discussed the case at length, opining that it lent further support to its conclusion that use of medical marijuana is not a disability under the PHRA.

There, HACC, much like Employers here, argued that because marijuana use is considered illegal under the CSA, individuals who use marijuana are excluded from the PHRA's disability definition, regardless of whether such use is lawful in Pennsylvania. Meanwhile, the Pennsylvania Human Relations Committee ("PHRC") argued, much like Palmiter did before the trial court, that the PHRA's disability definition only excludes current, illegal users of controlled substances, and that does not apply to medical marijuana users because the MMA makes medical marijuana lawful in Pennsylvania.

While acknowledging these arguments, the Commonwealth Court emphasized the issue before it was not whether Student's medical marijuana use was a disability under the PHRA. *See id.* at 286-287, 291 n.8. The Court noted Student had specifically asserted in her complaint that her disabilities were her post-traumatic stress disorder and irritable bowel syndrome. *See id.* at 285, 291 n.8. The Court also indicated the PHRA's definition of disability would necessarily preclude a finding that use of or addiction to any controlled substance under the CSA constituted a disability pursuant to the PHRA. *See id.* at 291 n.8. Instead, the Court made clear that the specific issue on which it had granted permissive review was whether the PHRA required HACC to accommodate Student's use of medical marijuana under the MMA. *See id.* at 286, 291 n.8.

In holding no such accommodation was required, the Commonwealth Court explained that in the PHRA, the Pennsylvania Legislature explicitly

- 11 -

excluded the use of a controlled substance as a disability, and specifically incorporated the CSA's definition of controlled substance, which includes marijuana, into the PHRA's definition of disability. The Court noted that while the MMA legalized marijuana, the MMA did not reference the PHRA or "amend or otherwise alter [the PHRA's] provisions that exclude users of medical marijuana from [the PHRA's] definition of disability." **Id.** at 293. Accordingly, the Court concluded "the General Assembly chose not to require employers to accommodate an employee's … usage of medical marijuana under the MMA [or] PHRA." **Id.** at 298.

Based on all of the above, the trial court found Palmiter's use of medical marijuana pursuant to the MMA was not a protected disability under the PHRA. It therefore determined that, because Palmiter had not averred a disability pursuant to the PHRA, it was free and clear from doubt that she could not make out a disability discrimination claim under the PHRA and sustained the demurrer as to that count. The court also sustained Employers' demurrer to Palmiter's failure-to-accommodate claim, again relying on its conclusion that Palmiter had not shown she was a qualified individual with a disability under the PHRA. As for the retaliation claim, the court found Palmiter had not engaged in protected activity, as protected activity must "relate to employment discrimination forbidden by the statute," and because Palmiter had failed to allege a disability under the PHRA, she was unable to state a claim for "employment discrimination forbidden by the [PHRA]." Memorandum

and Order, 11/10/20, at 20 (citation omitted). As a result, the court's rulings on the preliminary objections were premised on its conclusion that, although Palmiter alleged in her complaint that her medical marijuana use was a disability under the PHRA, the PHRA explicitly excluded such medical marijuana use from its definition of a disability.

Palmiter filed a notice of appeal from the court's order, followed by a court-directed Pa.R.A.P. 1925(b) statement of errors complained of on appeal. In her brief, Palmiter raises two issues:

I. Whether the trial court erred when it dismissed [Palmiter's] complaint since she alleged she was disabled due to the medical conditions of chronic pain, chronic migraines and persistent fatigue and not the medical condition of medical marijuana?

II. Whether seeking a reasonable accommodation of using medical marijuana off the job and being denied the same and ultimately fired seven days later was sufficient to state a claim for retaliation under the PCRA?

Appellant's Brief at 4.

As these issues make clear, Palmiter does not in any way challenge the trial court's finding that her medical marijuana use is not a disability under the PHRA's definition of that term. Instead, she avers in her first issue that she has contended all along that her disability is her underlying medical conditions, that is, her chronic pain, migraines and fatigue. She contends her complaint specifically noted her medical conditions were her disabilities in paragraphs 12 and 13, where she listed her medical conditions and averred the medical conditions affected her ability to work and sleep but off-the-job

- 13 -

medical marijuana use helped her to function normally. She alleges, in essence, the trial court misconstrued her complaint as alleging that her medical marijuana use was her disability.

The trial court flatly rejected this claim in its Pa.R.A.P. 1925(a) opinion. The court stated in no uncertain terms that Palmiter "never alleged in her complaint that her medical conditions [of chronic pain, chronic migraines or persistent fatigue] constituted a 'disability' under the PHRA." Order Pursuant to Pa.R.A.P. 1925(a), 3/24/21, at 2. Rather, after once again outlining the allegations in Palmiter's complaint, the court reiterated that Palmiter had alleged that her disability was her medical marijuana use.

The trial court also pointed out Palmiter had not made any argument that her medical marijuana use was not her alleged disability in either her brief or her arguments opposing Employers' preliminary objections, in which Employers specifically challenged the legal sufficiency of Palmiter's complaint on the basis that medical marijuana use does not qualify as a disability under the PHRA. **See id.** Given the fact that Palmiter had not raised this issue before the trial court at any point, the trial court urged this Court to find the issue waived.[4]

_____

[4]  While remaining adamant Palmiter had not alleged and argued that she suffered a disability under the PHRA due to her chronic pain, migraines and fatigue, the trial court noted that, even if she had, its ruling on the preliminary objections would have remained the same based on the clear holding of **Harrisburg Area Community College,** 245 A.3d at 298.

- 14 -

Employers urge the same thing. They contend that, as the trial court found, Palmiter did not argue to the trial court the argument she now presents for the first time on appeal: that her complaint, by listing her medical conditions and averring they affected her work and sleep, actually alleged those medical conditions were her disability.[5] Employers emphasize Palmiter never disputed Employers' reading of the complaint as alleging a disability of medical use of marijuana, even though Employers' preliminary objections and briefs made that evident. As such, Employers argue Palmiter has waived this issue by never presenting it to the trial court despite the opportunity to do so. They cite to Pa.R.A.P. 302(a) and a long list of cases to support this contention. *See* Pa.R.A.P. 302(a)(providing that issues that are not raised in the trial court are waived); Appellees' Brief at 5, 7 (citing cases finding that claims that were raised on appeal but not presented to the trial court were waived).

We agree with the trial court and Employers that Palmiter has waived this issue. Palmiter's complaint is sparse and less than clear. However, the trial court, after reviewing the complaint and hearing arguments which necessarily touched upon what was alleged in that complaint, specifically concluded that Palmiter's complaint alleged her medical marijuana use was a disability under the PHRA. At the same time, the court specifically concluded

_____

[5] Employers also contend that these two assertions, by themselves, are not sufficient to state a viable claim of disability discrimination under the PHRA.

that, despite what Palmiter now argues on appeal, her complaint did not allege her underlying medical conditions were her disability. Moreover, as the trial court noted, when Palmiter opposed Employers' preliminary objections seeking dismissal of Palmiter's complaint on the basis that medical marijuana use is not a disability under the PHRA, she did not argue that she had not identified medical marijuana use as her disability. Rather, she argued medical marijuana use was, in fact, a disability. Given all of these circumstances, we agree with the trial court that the issue Palmiter now wishes to argue to this Court is waived. **See** Pa.R.A.P. 302(a).

In turn, as Employers observe, Palmiter has also waived any issue that the trial court improperly granted Employers' preliminary objections based on its determination that medical marijuana use is not a disability as that term is defined by the PHRA. Palmiter abandons her claim on appeal that medical marijuana use is a disability under the PHRA, and makes no argument that the trial court erred by concluding otherwise. **See Commonwealth v. McGill**, 832 A.2d 1014, 1018 n.6 (Pa. 2003) (finding that when an appellant abandons a claim on appeal, it is waived).

Palmiter does claim in the second issue in her appellate brief, however, that the trial court erred by dismissing her retaliation claim. She seems to assert she does not need to establish she has a disability under the PHRA in order to make out a *prima facie* retaliation claim, contrary to what the trial court found. Rather, she appears to contend that, in order to make out such

- 16 -

a claim, she must only show she was engaged in a PHRA-protected activity.[6] This claim is also waived.

In the first instance, in her 1925(b) statement, Palmiter only alleged general error on the trial court's part in dismissing her retaliation claim. She did not forward the specific claim in her 1925(b) statement that she need not establish a disability for purposes of a retaliation claim, and the trial court therefore did not address such a claim in its 1925(a) opinion. The claim is arguably waived for that reason alone. **See Commonwealth v. Lord,** 719 A.2d 306, 309 (Pa. 1998) (holding issues not raised in a 1925(b) statement are waived).

However, we also note Palmiter's argument in her brief is sorely undeveloped and we find it waived for that reason as well. Palmiter seems to allege the protected activity she engaged in was seeking the "reasonable accommodation of medical marijuana use off the job," Appellant's Brief at 14, but yet, she does not make any argument supporting her assertion that medical marijuana is a reasonable accommodation under the PHRA. She does cite to, and for that matter rely entirely on, the Eastern District Court's decision in **Hudnell v. Thomas Jefferson Hospital University,** 2020 WL

---

[6] As noted in one of only three paragraphs Palmiter devotes to this argument, to establish a retaliation claim under the PHRA, she must allege: (1) she was engaged in protected activity; (2) Employers were aware of the protected activity; (3) she was subjected to an adverse employment action; and (4) there is a causal connection between participation in the protected activity and the adverse employment action. **See Renna**, 207 A.3d at 371.

5749924 (E.D. Pa. 2020), in support of her claim. However, besides not being binding authority, *Hudnell* actually undermines the purported claim made by Palmiter given the following discussion:

> Hudnell does not claim that her report of medical marijuana usage was protected activity. Instead, she claims her request for reasonable accommodations for her disability [which included spinal injuries], such as her request to split time between working in Jefferson's office and her home, qualify as protected activity. That claim satisfies her burden at this [motion to dismiss] stage of the litigation because 'requesting an accommodation is a protected employee activity under the [PHRA].'

*Id.* at *3.

Palmiter's only analysis of *Hudnell* as it relates to her claim - really, her only analysis at all - is one sentence. She claims that "just as Hudnell, [she] established a claim for retaliation under the PHRA since she sought a reasonable accommodation of medical marijuana use off the job and was denied the same and ultimately fired." Appellant's Brief at 14. Given her failure to develop her claim in any meaningful way, it is waived. *See Commonwealth v. Love*, 896 A.2d 1276, 1287 (Pa. Super. 2006) (stating that arguments that are not sufficiently developed are waived).

In sum, the trial court sustained Employers' preliminary objections on the basis that the use of medical marijuana pursuant to the MMA is not a disability under the PHRA. Palmiter does not challenge that determination. Her argument that the trial court erred by sustaining the preliminary objections because her complaint actually averred her disability was her underlying medical conditions is waived, as she did not argue that to the trial court. Her

- 18 -

claim that the trial court erred by sustaining Employers' demurrer to her retaliation claim is also waived, as she did not raise the basis for that claim in her 1925(b) statement and failed to properly develop the claim. As such, we must affirm the order of the trial court sustaining Employers' preliminary objections and dismissing Palmiter's complaint.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 03/8/2022